# Riehle's Appeal.

1. A testator devised the residue of his estate to his son and two daughters, share and share alike, and provided that no husband of the daughters should have any interest in their shares, which were to be under the care of his executors, and the income to be paid to them for their separate use during life, and on the death of either daughter, "the whole of the principal and share with the arrears of rent and interest of such decedent to descend and go to the child and children of such decedent and their heirs in equal parts;" but if either daughter should die "without leaving any child or lawful issue surviving her," her share to "be inherited by my right heirs for ever, agreeably to the intestate laws."  The testator left his son and daughters to survive him; the son and one daughter died leaving children, afterwards the other daughter died leaving no child or lawful issue.  *Held*, that the surviving daughter took an estate for life in her share, with remainder to her children in fee, with an executory devise on her death without issue to the testator's right heirs at the time of his death, who were his said three children.

2. The surviving daughter made a will.  *Held*, that one third of the share devised for her use, with the arrears of income from the whole third, passed under her will, one third to the children of her brother, and the other third to the children of her sister.

January 16th 1867.  Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.  STRONG, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia*, confirming the report of the auditor distributing the estate of John Sigmund Riehle, deceased.  The decedent died in 1812, leaving a will proved May 28th 1812.

By his will after certain provisions for his wife and son, William Riehle, he devised as follows:—

"*Item*.  As for and concerning all the rest, residue and re-
4 P. F. SMITH—7

mainder of my estate, real and personal, whatsoever and where-soever, charged with the annuity and other privileges hereinbefore bequeathed for my said wife, I do give, devise and bequeath the same unto my three beloved children—the said William Riehle, Susanna Riehle, and Catharine Riehle, their respective heirs and assigns, to be equally divided between them, my said three children, part and share alike, as tenants in common, with this proviso and restriction nevertheless, in respect to the shares and dividends of my estate intended for my said two daughters, Susanna and Catharine respectively ; that no husband whatever that they, my said daughters or either of them, may have or take shall have any right, interest, or claim in or to the parts and shares of the real and personal estate intended for them, my said daughters, or either of them, neither shall the same be subject to or in anywise liable for his debts, but the same shall be to and for their separate uses only, and shall remain under the care and management of my executors and the survivor of them, and the rents, interests, income and profits thereof from time to time paid to and received by them, my said daughters, for their several and separate uses only during the term of their natural lives ; and immediately on her or their decease the whole of the principal and share, with the arrears of rent or interest, if any, of such decedent, to descend and go to the child and children of such decedent and their heirs in equal parts as tenants in common, &c., and not as joint tenants, but in case both or either of them, my said two daughters, depart this life without leaving any child or lawful issue surviving her or them, then the part and share of such of them so dying, to go and be inherited by my right heirs for ever, agreeably to the intestate laws of Pennsylvania."

He appointed his wife and three children executors of his will ; authorizing them to sell or lease his " back lands," and to let on ground-rent his vacant lots in Philadelphia ; " and all the rents reserved and issuing therefrom to be for the use of my said residuary devisees, according to the true intent and meaning of this my last will and testament ; and all the moneys arising from the sale of my said back lands to be likewise for the use of my said residuary devisees, and the shares and dividends of my said daughters therein placed and kept out at interest, under the care and management of all my said executors and the survivors of them, either on mortgage of good real estate security, or in bank shares or other good stock or public funds."

He further provided :—

"*Item*. It is my mind and will that immediately on the decease of her, my said wife (and not before), the whole of my said estate, real and personal, shall be equally divided between them, my said three children, and their heirs, as tenants in common, agreeably to the intent and meaning of this my will ;" * * * "and

[Riehle's Appeal.]

for that purpose I request them, my said children, each of them, to choose an impartial and discreet person to value, divide and allot my said estate in equal parts between them, my said three children, and their heirs, in case they, my said children, are at a loss to divide the same themselves;" * * * " and it is my mind and will that all my said children shall share equally alike as it respects my estate, provided nevertheless that no husband of them, my said daughters or either of them, shall have any right, interest or say whatever in the executorship or administration or management of my estate, or anywise touching or concerning the same, but of and from the same shall for ever be debarred and excluded."

The testator left to survive him his widow, who is dead, and three children, William Riehle, Catharine wife of Samuel Pancoast, and Susanna Read, a widow. Letters testamentary were granted to William Riehle alone. Susanna Pancoast died in 1817, leaving her husband, Samuel Pancoast, who died in 1829, and four children, one of whom died in 1853, intestate, unmarried and without issue.

William, son of the testator, died in 1850, having by his will given the residue of his estate, real and personal, to his six children, one of whom was named William, in equal shares in fee. All his children are living; Susanna Read, the remaining child of the testator, died January 20th 1864, without having had " any child or lawful issue;" having by her will given the residue of her estate, one full equal half part or share to all the children of her late brother William Riehle (the elder), to be equally divided between them share and share alike; and the other like half part to all the children of her late brother-in-law, Samuel Pancoast, to be equally divided between them share and share alike."

William Riehle, the grandson, to whom letters *de bonis non cum testamento annexo* on his grandfather's estate had been granted, had charge of the real estate after his father's death, and sold a portion of it. He filed his account as administrator, which included arrears of income due Susanna Read at her death. The auditor on the account found the balance in his hands for distribution as proceeds of the real estate, to be $22,438.86.

He further reported, " that by the will of John Sigmund Riehle, Susanna Read took an estate for life in one-third of the residue of his estate, with remainder to her children and issue, if any, in fee, with an executory devise, on her death without having had issue, to testator's right heirs under the intestate laws, at the time of his death, who were his three children—William Riehle, Susanna Read and Catharine Pancoast. One-third therefore of the third devised for Mrs. Read's use, together with the arrears of income from the whole third, passed under her will, and the

remaining two-thirds vested one-half in the children and devisees of her brother, William Riehle, in equal shares, and the other half in the children of her sister, Mrs. Pancoast. So that in fact the whole third vested in this way; Mrs. Read's will disposing of her estate in the same way in which the other two-thirds vested under her father's will, with this exception, that the shares of the daughters of William Riehle, in his one-third, are subject to certain trusts created by his will, whilst under the will of Mrs. Read their shares are given to them absolutely."

The children of William Riehle, the son, filed exceptions to the auditor's report, which the Orphans' Court, upon hearing, confirmed. They then appealed, and assigned for error that the Orphans' Court erred:—

" In deciding that Susanna Read took an estate for life in one-third of the residue of her father's estate, with remainder to her children and issue, if any, in fee, with an executory devise on her death without having had issue, to testator's right heirs under the intestate laws of Pennsylvania, at the time of his death, who were his three children.

" In not overruling the report of the auditor, deciding that the arrears of income from Susanna Read's one-third passed under her will, and not under the will of her father.

" In not awarding Susanna Read's one-third (together with the arrears of income from it) to the right heirs of John Sigmund Riehle, when the contingency happened of her dying without child or lawful issue."

*J. W. Paul* and *R. R. Smith*, for appellants.—The rule of construction of wills is to find the general intent, and interpret particular expressions in accordance with it : Findley *v.* Riddle, 3 Binn. 150 ; 1 Roberts on Wills 490 ; Ruston *v.* Ruston, 2 Dallas 244, s. c. 2 Yeates 60 ; Lynn *v.* Downes, 1 Id. 518 ; Turbett *v.* Turbett, 3 Id. 187 ; Hunter's Estate, 6 Barr 106 ; Earp's Estate, 1 Pars. R. 453 ; Redfield on Wills 426 ; Jarman's Rules, Rule 7.

The intention of the testator was that the residue should go to his children as tenants in common ; his daughters' shares to be under the management of his executors ; that their husbands should have no interest in his daughters' shares ; their shares to be for their separate use ; the income to be paid to them during life, and upon decease of a daughter, her share to go to her children or their heirs, if any, or, if not, to testator's heirs.

Under this will, the testator's " right heirs under the intestate laws" did not mean those who should be such at his death, but those on the happening of the contingency: Act of April 19th 1794, § 3, 3 Sm. Laws 145 ; Jones *v.* Colbeck, 8 Ves. 38 ; Clap-

ton v. Bulmer, 5 Mylne & C. 108 ; Briden v. Hewlett, 2 Mylne & K. 90 ; Butler v. Bushnell, 3 Id. 232.

Susan took an estate for life, with remainder to her children and issue ; if none, to the right heirs of the testator ; they are contemporary remainders, not expectant, one after another : Purefoy v. Rogers, 2 Saund. 388 ; Doe v. Morgan, 3 T. R. 763 ; Stehman v. Stehman, 1 Watts 466.

*S. Hood*, for appellees.—The testator intended to put each of his children, and the branches springing from them respectively, on a perfect equality.

The daughters each took an estate tail at least : Haldeman v. Haldeman, 4 Wright 29.

The provisions of the Act of 1794 and the Act of 1833 refer to a decedent's heirs at the time of his death.

A devise or bequest to testator's heirs at law, refers to those who are such at the time of his decease, unless a contrary intent be obvious : Doe v. Lawson, 3 East 278 ; Phelps v. Evans, 4 De G. & Sm. 188 ; Abbott v. Bradstreet, 3 Allen (Mass.) 587 ; Smith v. Harrington, 4 Id. 566.

At Susan's death the fee was in her and the two families of the testator's children, in equal shares : 4 Kent's Com. 257 ; 2 Saund. 382, n. 1 ; 1 Steph. Bl. 303, n.

The counsel referred also to the following authorities : 4 Kent's Com. 228–232 ; Burd v. Lacker, 8 Hare 301 ; Phillips v. Evans, 4 De G. & Sm. 188 ; Abbott v. Bradstreet, 3 Gray 587 ; Holloway v. Holloway, 5 Ves. 399 ; Seifforth v. Badham, 8 Beav. 370 ; Urquart v. Badham, 13 Sim. 627 ; Lasbury v. Newport, 9 Beav. 376 ; Hare v. Rowland, 2 Phillips's R. 635 ; Minnig v. Batdorff, 5 Barr 503 ; Brenneman's Appeal, 4 Wright 115 ; Theolog. Sem. v. Wall, 8 Id. 353 ; Seely v. Seely, Id. 434 ; Stehman's Appeal, 9 Id. 398 ; Risk's Appeal, 2 P. F. Smith 269.

The construction of the will is to be in favor of an absolute vesting of the estate at as early date as possible : Braden v. Cannon, 1 Grant 60 ; Fulton v. Fulton, 2 Id. 28 ; Lantz v. Trusler, 1 Wright 482.

The opinion of the court was delivered, February 4th 1867, by

READ, J.—The question in this case is what is the construction to be placed on the will of John Sigmund Riehle, which was proved at Philadelphia on the 28th May 1812, the testator having died in that year.

The testator left three children, William Riehle, Susanna Read, a widow, and Catharine, wife of Samuel Pancoast ; and he devised and bequeathed the rest, residue and remainder of his estate, real and personal, to his said three children, their respect-

ive heirs and assigns, to be equally divided between them, the said three children, part and share alike, as tenants in common, " with this proviso and restriction nevertheless in respect to the shares and dividends of my estate intended for my said two daughters, Susanna and Catharine respectively, that no husband whatever that they, my said two daughters, or either of them, may have or take shall have any right, interest or claim in or to the parts and shares of the real and personal estate intended for them, my said daughters, or either of them, neither shall the same be subject to or in any way liable for his debts, but that the same shall be to and for their separate uses only, and shall remain under the care and management of my executors and the survivors of them, and the rents, interest, income and profits thereof from time to time paid to and received by them, my said daughters, for their several and separate uses only, during the term of their natural lives, and immediately on her or their decease the whole of the principal and share, with the arrears of rent or interest, if any, of such decedent to descend and go to the child or children of such decedent and their heirs in equal parts, as tenants in common, and not as joint tenants; but in case both or either of them, my said two daughters, depart this life without leaving any child or lawful issue surviving her or them, then the part or share of such of them so dying to go and be inherited by my right heirs for ever, agreeably to the intestate laws of Pennsylvania."

Catharine Pancoast died in 1817, leaving a husband and four children. Susanna Read was a widow at her father's death, and so remained until her death, on 20th January 1864, without issue, never having had any, and leaving a will.

The auditor held, that by the will of John Sigmund Riehle, Susanna Read took an estate for life in one-third of the residue of his estate, with remainder to her children and issue, if any, in fee, with an executory devise on her death without having had issue to testator's right heirs, under the intestate laws at the time of his death, who were his three children, William Riehle, Susanna Read and Catharine Pancoast. In this construction of the will we agree with the auditor, and as the distribution of the fund is made by him in conformity to this ruling, the court below were right in dismissing the exceptions and confirming his report.

The decree of the Orphans' Court, dismissing the exceptions of the heirs and confirming the report of the auditor, is affirmed, and appeal dismissed at the costs of the appellants.