## McKee's Estate.

*Will—Period of distribution—Heirs—Annuitants.*

Where a testator after giving annuities to his sister and brother and to his son and daughter directs " on the death of my heirs herein named all property and bank stocks to be sold and divided among all the heirs," he intends to give the residue of his estate upon the death of all the annuitants to such persons as at that time shall answer to the description of his heirs.

Argued Oct. 29, 1900.   Appeal, No. 146, Oct. T., 1900, by James McKee, from decree of O. C. Allegheny Co., June T., 1900, No. 393, dismissing petition to declare a trust ended in estate of David McKee, deceased.   Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Petition to declare a trust ended.

Over, J., filed the following opinion:

David McKee died testate on April 4, 1886, leaving to survive him two children, Mrs. Bell McCroskey and James McKee.   He made the following disposition of his estate:

" First. I give and bequeath to my grandson, John D. McKee, all my homestead on which I now live, houses and grounds, fourteen acres more or less, bounded by lands of John Herron, Stanton Avenue, etc., the same to be his forever, for his own proper use, but not to be sold until he is thirty years of age, but he to have the use and income from the time of my decease. I appoint Harry Mason guardian until he is of age, he and his family to live on the place until that time.

" To my sisters, Nancy and Margaret, and Brother John, Three Hundred Dollars per year during their lives, to be paid from the time of my decease semi-annually; that will be One Hundred Dollars, each one, per year.

" To my daughter, Bell McCroskey, Fifty Dollars per month during her life; to my son, James McKee, Fifty Dollars per month during his life, and the house now occupied by him free of rent.

" I appoint as Executors to this my last Will and Testament my brother, James McKee, and Rev.      Sands, Pastor of U. P. Church on 44th street, City of Pittsburgh.

" On the death of my heirs herein named, all property and Bank Stocks to be sold and divided among all the heirs. Should my grandson, John D. McKee, die before he is thirty without leaving any heirs, his estate to be divided pro ratio among the heirs.

" I give in addition to my grandson, John D. McKee, one half of the income of my Bank Stock in the Bank of Commerce.

" To my brother, James McKee, of the Twelfth ward, City of Pittsburgh, the other half of the income from this same stock in the Bank of Commerce, Wood and Sixth street, the stock is seventy shares.

" The balance of the income, after paying these legacies and taxes, to be spent in keeping up the houses in good condition; should there be more than will do this, the money to be placed in bank to accumulate."

The executors, acting as trustees under the will, have had charge of the real and personal estate since testator's death, collecting the rents and income and paying the annuities. All of the persons designated by name in the will as beneficiaries have died, except testator's sister, Nancy McKee, daughter, Bell McCroskey, and his brother, James McKee, who has purchased all of their interest in the estate, as well as the interest of the estate of James McKee, testator's deceased son. In this petition of James McKee, the brother, in which Mrs. Bell McCroskey and her husband, Nancy McKee and Fanny K. McKee, only child of James McKee, deceased, testator's son, join, he alleges that all the interests in the estate are vested in him, and prays that the trust may be terminated and the trustees directed to file an account and deliver the trust estate to him.

If the testator intended that the heirs to whom distribution of his estate should be made were to be ascertained as of the time of his death, the residue of the estate vested in his son and daughter as his sole heirs; and in that event all the interests are now vested in the petitioner, and under the authorities the trust should no doubt be terminated. We think, however, that he intended his estate should be distributed among his

heirs as ascertained at the period fixed by him for distribution. In Yost v. Dwelling House Insurance Company, 179 Pa. 381, where a portion of this will was construed, Mr. Justice McCOL-LUM, referring to the clause providing that "on the death of my heirs herein named all property and bank stocks to be sold and divided among all the heirs," said "it is quite clear that by 'My heirs herein named,' the testator meant the annuitants."

The testator intended then that distribution should not be made until after the death of his two children, his sole heirs at the time of his death who were also annuitants. Had he intended that they should take under this clause of his will as his heirs, would he not have provided for distribution immediately upon the death of the other beneficiaries, and limited to their lifetime the annuities given to his children. He gave them directly the annuities only, and although he would expect naturally that they would survive their aunts and uncles, the other beneficiaries, he expressly provided that the annuities should be paid to his children during their lives, and that conversion and distribution of his estate should not be made until after their death. It seems reasonably clear that the testator intended that they or their personal representatives should not receive anything more from his estate than the annuities, and that his heirs were to be ascertained as of the period of distribution.

In Donohue v. McNichol, 61 Pa. 73, where the testatrix provided that after the death of the son's lawful issue or in the event of his death without such issue, that all his real and personal estate should be held in trust by his executor for their lawful heirs, their heirs and assigns forever, the court said (see pages 80 and 81), that the "better opinion was" that the testatrix's heirs were to be ascertained as of the date of the death of her son or of his issue; and that, therefore, the limitation was too remote, and that he took the estate as heir at law by descent.

In Pierce v. Hubbard, 152 Pa. 18, testator directed as to the disposition of certain property: "I desire it to be invested in mortgages, ground rent, real estate, and the interest to be regularly paid to her, Caroline McKey, free from control, liabilities and debts of her husband, notwithstanding her coverture, to be good and valid. And in case of her death without issue or is-

sues of her children, then reversible to my right consanguinary heirs." Mr. Justice McCollum said: "The obvious meaning of the paragraph in question is that if his daughter Caroline died without children or their issue living at her death, the remainder should vest in the persons who at that time answered the description of his right consanguinary heirs. It was contingent; it could not be known until her death that anything should pass by it, and on the happening of the contingency of her death without children or their issue surviving her, the persons entitled to take under it were those who were then the right heirs of the testator."

In Forrest v. Porch, 100 Tenn. 391, testator gave a tract of land to his widow, for life, and "at her death the said land is to be divided between my heirs at law." It was held that the estate went in fee to such persons as, at the widow's death, answered to the description as heirs at law of the testator.

In Welsh v. Brimmer, 169 Mass. 204, and Heard v. Read, 169 Mass. 216, it was also held that the heirs of the testator were to be ascertained as of the period of distribution and not as of the date of testator's death; and also in the following English cases where the devisee for life was the sole heir: Jones v. Colbeck, 8 Ves. 38; Briden v. Hewlett, 2 My. & K. 90; King v. Frost, 3 Barn. & Ald. 546.

If our conclusion, that the testator intended to give the residue of his estate upon the death of all the annuitants to such persons as then answered to the description of his heirs be correct, as they cannot now be ascertained, the trust must be sustained for their protection, and the petition dismissed.

And now, to wit: September 19, 1900, this matter came on to be heard and was argued by counsel, and upon consideration thereof, it is ordered, adjudged and decreed that the within petition be dismissed at the costs of the petitioner.

*Error assigned* was the decree dismissing the petition.

*William Yost*, for appellant.—It is quite clear that by "my heirs herein named" the testator meant the annuitants, and that "all the heirs" included John D. McKee: Porter's App., 45 Pa. 207; Etter's Est., 23 Pa. 381; Baskin's App., 3 Pa. 304; McKee's Est., 26 P. L. J. (N. S.) 385.

Where the interpretation is doubtful, the heir is to be preferred: 1 Blackstone's Commentaries, 450; Fitzwater's App., 94 Pa. 141; Bruckman's Est., 195 Pa. 363; Rupp v. Eberly, 79 Pa. 144.

As a general rule of construction, it is well settled that a devise or bequest to heirs or heirs at law of the testator, or to his next of kin, will be construed as referring to those who are such at the time of the testator's decease unless a different intent is plainly manifest by the will; and if the tenant for life be such next of kin, either solely or jointly with other persons, he will not be on that account only excluded: Buzby's Appeal, 61 Pa. 111; Richle's Appeal, 54 Pa. 97; Stewart's Estate, 147 Pa. 383; Grantz v. Tyrrell, 7 Pa. Superior Ct. 249; McCrea's Estate, 180 Pa. 81; Ramsey's Estate, 1 Amer. Law Reg. 94; Rand v. Butler, 48 Conn. 293; Dove v. Torr, 128 Mass. 38; Childs v. Russell, 11 Metcalf (Mass.), 17; Abbott v. Bradstreet, 3 Allen (Mass.), 587; Whall v. Converse, 146 Mass. 345; In re Tucker's Will, 63 Vermont, 104; Kellett v. Shepard, 139 Ill. 433; Minot v. Tappan, 122 Mass. 535; Rotch v. Rotch, 173 Mass. 125; Stokes v. Van Wyck, 83 Va. 724; In re Kenyon, 17 R. I. 149; 1 Redfield on Wills (4th ed.), *392, *393.

*George E. Alter*, for appellee, cited: Donohue v. McNichol, 61 Pa. 78, 81; Welch v. Brimmer, 169 Mass. 204; Heard v. Read, 169 Mass. 216; Forrest v. Porch, 100 Tenn. 391; Delaney v. McCormack, 88 N. Y. 174; Hardy v. Gage, 66 N. H. 552; Leonard v. Haworth, 171 Mass 496; Jones v. Colbeck, 8 Ves. 38; Briden v. Hewlett, 2 My. & K. 90; King v. Frost, 3 Barn. & Ald. 546; Peirce v. Hubbard, 152 Pa. 18.

PER CURIAM, January 7, 1901:

The decree dismissing the appellant's petition is herein affirmed on the opinion of the learned judge of the orphans' court.

Decree affirmed.