## Fuller's Estate.

*Will—Devise—Residuary clause—Intestacy.*

1. The intention of the residuary clause in a will is to pass the whole estate and prevent any part of it from coming under the intestate laws. When the language of a residuary clause is ambiguous, the courts lean towards a broad rather than a narrow construction in order to avoid intestacy.

2. Where a devise for life is made to a son with remainder to the devisee's children or issue, and it is provided that upon the death of the devisee without leaving issue, the property shall pass to the heirs of the testator, the heirs are to be ascertained as of the date of testator's death and include the devisee for life, whose share of the remainder passes under his will.

3. Where a father devises a life estate in land to his son for his natural life, and if he shall die without lawful issue living, then the devise is to become a part of testator's residuary estate, and he further directs that the residue of his estate shall be sold, and that the son shall receive one-third of the proceeds, and the son survives the father, and then dies, the son's representative is entitled to have the land devised for life to the son included in the residuary estate and to claim one-third of the proceeds of the residuary estate thus enlarged.

Argued May 10, 1909. Appeal, No. 217, Jan. T., 1908, by Elizabeth M. Fuller, from decree of O. C. Fayette Co., March Term, 1907, No. 43, dismissing exceptions to adjudication in Estate of Smith Fuller, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication. Before STEEL, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*Sterling, Higbee & Matthews,* with them *Smith & Brownfield* and *Robinson & McKean,* for appellant.—The bequest of William B. Fuller of any part of this fund was not vested. He

had no interest in it: Moore v. Smith, 9 Watts, 403; King v. Crawford, 17 S. & R. 118; Seibert's App., 13 Pa. 501.

If William B. Fuller had died after the execution of the will of Smith Fuller, but previous to the death of Smith Fuller, his legacies under the will of Smith Fuller would have lapsed: Comfort v. Mather, 2 W. & S. 450; Cunkle's Est., 1 Pearson, 436.

If as a matter of fact, at the date of the will of Smith Fuller, William B. Fuller had been dead and that fact were known to testator, the legacies would have lapsed or been void: Barnett's App., 104 Pa. 342; Dildine v. Dildine, 32 N. J. Eq. 78.

Where part of the residuary provisions of the will fail, then such share so failing is distributed under the intestate laws: Barnett's App., 104 Pa. 342; Neff's App., 52 Pa. 326; Gray's Est., 147 Pa. 67.

*S. Ray Shelby*, of *Crow & Shelby*, with him *William E. Crow*, for appellee.—At the death of the testator, William B. Fuller took a life estate in the real estate mentioned in clause five with a vested remainder in fee to the executors in trust to be sold and distributed as provided by the residuary clause; the vested remainder to the executors subject to be divested by the death of William B. Fuller leaving issue living. William B. Fuller died without issue, so the vested interest to the executors in trust to be sold and distributed as provided by the residuary clause was not divested. The direction to sell is positive and explicit, and it follows that it operated as a conversion of the real estate into money from the testator's death and that it is to be treated as money for all the purposes of his will. As William B. Fuller died without issue living, clause five is to be construed as though the contingent remainder to his issue living at his death was not in the will: Etter's Est., 23 Pa. 381; McClure's App., 72 Pa. 414; Chess's App., 87 Pa. 362; Fetrow's Est., 58 Pa. 424; Gray's Est., 147 Pa. 67; Neff's App., 52 Pa. 326; Barnett's App., 104 Pa. 342; Stehman v. Stehman, 1 Watts, 466; Raudenbach's App., 87 Pa. 51; Appeal of the Board of Missions, 91 Pa. 507; Eberly v. Rupp, 90 Pa. 259;

Ewing's App., 159 Pa. 212; Keller v. Lees, 176 Pa. 402; Wetherell's Est., 214 Pa. 150; Evans's Est., 155 Pa. 646.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

In the will of Dr. Smith Fuller, he provided as follows:

"5th. I give and devise to my son William B. Fuller the dwelling house and lot of ground where he now resides, also the vacant lot of ground adjoining thereto and occupied by him situate on South Gallatin Avenue. Also the dwelling house and lot of ground now occupied by my son John M. Fuller, situate on the south side of Fayette street, together with the one-half of the lot of ground on which my office now stands on Fayette street, to have and to hold during his natural life. If he should die leaving surviving him lawful issue, then at his death I direct the same shall go to such issue in equal proportions; but if he should die without lawful issue living, the said devise shall revert and become part of my residuary estate and be sold by my executors and the proceeds distributed as hereinafter provided." And in the seventh clause he said: "The rest and residue of my estate, personal and real, I give, bequeath and devise to my executors, and direct them to sell the same at public or private sale, and execute deeds therefor. The real estate to be sold within three years from my death. I direct that the money arising from the sale of my personal property and real estate, directed to be sold, shall be distributed as follows: to Harriet R. Anderson four twenty-fourths (4–24); Elizabeth M. Fuller four twenty-fourths (4–24); John M. Fuller four twenty-fourths (4–24); Frank M. Fuller four twenty-fourths (4–24); and William B. Fuller eight twenty-fourths (8–24)."

The testator died March 14, 1892, and his son, William B. Fuller, died June 28, 1895, leaving a widow, but no issue. By his will he devised and bequeathed all his property to his wife absolutely.

The real estate of the decedent in pursuance of the direction in the will, was sold by his executors, including the properties which had been devised to William B. Fuller for life, and upon distribution of the fund arising from such sales

Louisa Fuller, the widow of William B. Fuller, claimed eight twenty-fourths or one-third of the balance in the hands of the executors. This claim was disputed by the other devisees, so far as the properties in which William B. Fuller had a life estate were concerned, but the auditing judge sustained the claim and awarded to the claimant one-third of the entire balance for distribution. Exceptions to the adjudication were dismissed and the accountant directed to pay out according to the schedule of distribution contained in the adjudication. Elizabeth M. Fuller, one of the residuary legatees and also an heir at law to the testator, appealed from the decree, and assigns for error the dismissal of the exceptions to the opinion of the auditing judge and the entry of the final decree. Counsel for appellant contend that the gift of eight twenty-fourths of testator's residuary estate, to William B. Fuller, did not include the property in which he was given a life estate, and that upon the death of William B. Fuller, the proceeds of the sale of such property would go to those entitled to take from testator under the intestate law. This construction would cause intestacy, which is always to be avoided if possible by any fair interpretation of the will. The intention of the residuary clause is to pass the whole estate and prevent any part of it from coming under the intestate laws. When the language of a residuary clause is ambiguous, the courts lean towards a broad, rather than a narrow construction, in order to avoid intestacy. This principle applied to the present case, requires a construction of the residuary clause, which will include within it, the property in which William B. Fuller had a life estate. This is in harmony with the express direction of the testator, in clause five, in which he says that the property in question shall, in case of the failure of issue, become part of his residuary estate, and be disposed of by his executors as such. William B. Fuller was made one of the residuary legatees, and the estate to him was in terms a life estate, with remainder to his unborn issue if he should leave any, and in default of issue, the remainder vested in the legatees named, of which he was one.

The principle here involved, is the same as that in Riehle's

App., 54 Pa. 97, and in Buzby's App., 61 Pa. 111, in which it was held that where a devise for life was made to one, with remainder to the devisee's children or issue, and it was provided that upon the death of the devisee without leaving issue the property should pass to the heirs of the testator, the heirs were to be ascertained as of the date of testator's death and included the devisee for life, whose share of the remainder passed under his will.

The assignments of error are overruled, and the decree of the court below is affirmed.