## Murphey's Estate.

*Wills—Construction—Gifts over to testator's legal heirs—Time at which beneficiaries are to be ascertained.*

Under a gift over by way of remainder to the testator's "legal heirs in such portions and shares as they may be justly and legally entitled to according to the laws of the State of Pennsylvania," the persons to take under the description are to be ascertained as of the time of the death of the testator, and not as of the time of the death of the last surviving life-tenant, in the absence of indications of a contrary intention of a clear and convincing character.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1896, No. 330.

*Francis Shunk Brown* and *John Stokes Adams*, for exceptants.

*Gill, Guckes* and *Shrader*, contra.

THOMPSON, J., March 31, 1922.—The exceptions filed in this case require us to place a construction upon the following paragraphs of the will of testator:

"Seventh. I give, devise and bequeath the residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever the same may be situate, unto my executors, hereinafter named, in trust for the following uses and purposes, to wit: To pay the interest and income thereof unto the children I may leave surviving me, and the lawful issue of such of them as may be deceased leaving such issue, share and share alike, such issue of my deceased children, if any, however, taking only such share of said interest or

1 D. & C.

income as his, her or their deceased parent or parents would have taken if living. Such distribution of interest or income to be made according to the number of my children I may leave surviving me, and of my children who may then be deceased leaving lawful issue, share and share alike, such child or children of my deceased child or children, if any, taking their parent or parents share only as aforesaid, share and share alike. From and after the death of any child or children I may leave surviving me, I direct that the share or part of said interest or income which theretofore had been payable to such child or children shall be divided among the lawful issue of such child or children so dying, share and share alike, until the death of the last survivor of my children.

"Eighth. I direct, order and will, if any of my children aforesaid and every of them, their and every of their heirs, executors and administrators, shall claim, demand, prosecute any action or suit for any claim or claims against me or my estate other than what I have so hereinbefore devised and given him, her or them, or any of them, then and in that case the several legacies and bequests hereby by me before given or intended to be given to him, her or them and any of them, shall cease and be void to all intents and purposes, anything to the contrary notwithstanding; and in that case I order, direct and will that the share which he, she or they would have inherited or taken, shall be divided and distributed among my other children aforesaid, and I do hereby discharge my children aforesaid and every of them, their and every of their heirs, executors and administrators, from the payment of every and all debts due and owing to me or my estate, whether verbal or in writing, upon any account whatsoever, without any abatement or deduction from or out of their legacies, before by me given or devised to them respectively in and by this my last will and testament.

"Ninth. From and immediately after the death of the last survivor of my children, all the residue of my estate of all kinds and wheresoever found, I desire and direct that it be divided and distributed among and between my legal heirs in such portions and shares as they may be justly and legally entitled to receive according to the laws of the State of Pennsylvania."

The trust having come to an end by reason of the death of the last surviving child of testator, the question arises whether his estate shall be divided among his legal heirs ascertained as of the date of his death or at the date of the death of the last surviving child.

The auditing judge held that the heirs should be ascertained as of the date of the death of testator's last surviving child (this excluding the share of one of testator's children, Mary E. Stockton, who died Oct. 11, 1902, without issue), to which exceptions have been filed and the same are now before us.

This court, speaking through Gest, J., in Leech's Estate [1 D. & C. 352], in an opinion filed Feb. 3, 1922, said: "It cannot be disputed that, as a general rule of construction, a testator who makes a gift in remainder to heirs, or next of kin, or to the persons who would take under the intestate laws, or gives the estate in accordance with the law, or the like, will be understood to intend those persons who would have so taken at the time of his death, and not at the time appointed for their taking. This is not a mere arbitrary rule, but is founded upon common sense, for a testator, in making such a provision, is, naturally enough, contemplating his own death as the period when the objects of his bounty should be ascertained; and, moreover, the persons thus entitled under the intestate laws have a statutory right, which should prevail unless it appears that the testator intended that others should take, and this contrary intention must, as the decisions show, *be clear and convincing*."

This recognizes the rule of construction laid down in Buzby's Appeal, 61 Pa. 111, and the various modifications of the application thereof as set forth in Jennings's Estate, 266 Pa. 60; Hildebrant's Estate, 268 Pa. 132; Groninger's Estate, 268 Pa. 184, and Fuller's Estate, 225 Pa. 626.

It was argued strenuously that paragraph eight of the will of the testator indicated that the testator confined the gift to his children to that of a life estate only, in that said section provides that in the event of his children making any claim against him or his estate they should be deprived of the estate "hereinbefore" given them, which, at that point in the will, was a life estate, and that this indicates that all that the testator intended his children to have was the life estate so given them, although paragraph eight also contains the later statement that, in the event of any claim being made against him or his estate by his children, or any of them, "the share which he, she or they would have *inherited* or taken shall be divided and distributed among my other children aforesaid," which seems to indicate that his children, and not his legal heirs surviving the latter, would "inherit" something more than the life estate previously referred to. By the terms of said paragraph, it is apparent that the testator had financial relations with his children, for in the latter part thereof he discharged them from any debts due and owing to him or his estate, and it was only in the event that his children made a claim against him or his estate that he was depriving them of the income which he had "hereinbefore" given them. He could not have thus intended to deprive them of any interest in the principal of his estate, for he had not yet (up to that point in paragraph eight) made any disposition thereof. Moreover, the phrase "the share which he, she or they would have inherited *or taken* shall be divided and distributed among my other children aforesaid," might well have been testator's way of otherwise disposing of the life estate "inherited," or "taken," by a child forfeiting his thereinbefore given life estate in the manner specified. Under these circumstances, we cannot say that the testator in this case has clearly and convincingly indicated that his legal heirs are to be ascertained at the death of the last survivor of his children rather than testator's own death, and we prefer to adhere to the rule laid down in Buzby's Appeal, 61 Pa. 111, and are of opinion that the estate of the testator should be distributed to his heirs ascertained as of the date of his death; and, therefore,

The exceptions filed to the adjudication of the auditing judge are sustained and the estate of testator is hereby directed to be distributed to the executors or administrators of his children living at the time of his death.

Lamorelle, P. J., did not sit.

HENDERSON, J., dissenting.—The question to be decided is, are the heirs to be ascertained as of the death of the testator or of the surviving life-tenant. In McKee's Estate, 198 Pa. 255, the heirs at the death of the testator were excluded by inference merely, whereas, in this will, the testator forbids his children, their heirs, executors, administrators and assigns, from claiming any more of his estate "other than what I have so hereinbefore devised him, her or them, or any of them." He had "hereinbefore" given them only life estates in the residue, and, hence, having excluded them by express words from participating in the remainder, the heirs are to be ascertained as of the death of his surviving child.

It has been suggested that "hereinbefore" should be construed as "herein." I know of no authority for so doing. A word in a will may not be ignored until every effort fails to reconcile it with the other language.

I would dismiss the exceptions.