## Klein's Estate.

*Wills—Construction—Whether a clause is residuary depends upon its construction and meaning as distinguished from its position.*

1. That a residuary clause may be at the beginning instead of at the end of a will, as is usually the case, in no way affects its character or impairs its efficiency.

2. A gift, after payment of debts and funeral expenses, of "all the residue and remainder of my estate and real, personal and mixed whatsoever and wheresoever the same may be," contained in the second clause of the will, is a gift of the general residue and carries all real estate not specifically devised, although the gift is followed by a number of general legacies.

Petition for inquest in partition and answer thereto. O. C. Phila. Co., Oct. T., 1926, No. 3019.

*John W. Speckman,* for petition; *P. Van R. Miller,* contra.

LAMORELLE, P. J., April 28, 1927.—That a residuary clause may be at the beginning, instead of at the end of a will, as is usually the case, in no way affects its character or impairs its efficiency (Marriner's Estate, 16 Dist. R. 7; Nielson's Estate, 13 Dist. R. 223; Atkinson's Estate, 26 Dist. R. 175); the test in every case must be an expressed intent to dispose of a residue. The thought is well and clearly set forth by Mr. Justice Sharswood in Willard's Estate, 68 Pa. 327, at page 332: "Obscurity often arises in the construction of a will from the improper collocation of its different, members or parts. 'The residue' of a man's estate, in testamentary language, means whatever is not specifically devised or bequeathed, and in whatever part of a will it may happen to be found it ought to have that meaning, unless the whole will, taken together, shows clearly that it was not so intended. A will bequeathing the residue of personalty passes everything not otherwise effectually disposed of: Bouviers Dict., Residue. If a man were to begin his will with a bequest or devise of all his residuary estate, and then proceed to make various bequests and devises, it would not vary the proper construction of either."

In the instant case, considering the will as an entirety, we are of opinion that all of testator's real estate passes to his one son in and by virtue of the first item of his will, which item reads as follows:

"After payment of all my just debts and funeral expences I give, devise and bequeath all the residue and remainder of my estate and real, personal and mixed whatsoever and wheresoever the same may be into my son Raymond Klein, which I appoint as his own Executor of my house No. 1709 N. Stillman St. and administrator and assignor absolutely forever and to his wife Helen Klein all the inside outfit of my residence."

Testator was survived by three children. At the time of the execution of the will, as well as at the time of his death, he was the owner of two properties; one, No. 730 Buttonwood Street (which his wife had devised unto him), and the other, No. 1709 North Stillman Street—apparently his residence.

He, therefore, knew what real estate he owned, and as it was his purpose to disinherit his daughter, Helen Schleifer—("my daughter Helen Schleifer said, that she don't want one cent of her fathers money, therefore I disinherit her absolutely")—there can be no presumption of an intentional intestacy, and this introductory item must, therefore, be construed so as to avoid an intestacy; that is to say, as covering all of the residue, and naturally embracing the house not specifically mentioned therein.

The present proceeding is a petition for partition by another daughter, who is herself given a legacy of $500, and there are, in addition, legacies to her husband, children and grandchildren in smaller amounts.

The argument advanced on behalf of this daughter is ingenious. It might carry weight if there was another residuary clause, but to construe it as she contends would nullify the force and effect of the phrase contained in the quoted item, "all the residue and remainder of my estate and real, personal and mixed whatsoever and wheresoever the same may be. . . ." If we held that these words were applicable to the one property only, No. 1719 North Stillman Street, there would be a contradiction in terms. Even though there be an ambiguity in the language, the doubt must be resolved in favor of testacy: see Fuller's Estate, 225 Pa. 626, wherein Mr. Justice Potter, speaking for the court, at page 629, says: "The intention of the residuary clause is to pass the whole estate and prevent any part of it from coming under the intestate laws. When the language of a residuary clause is ambiguous, the courts lean towards a broad rather than a narrow construction, in order to avoid intestacy."

The prayer of the petition is refused and the petition is dismissed.