## Rosenthal Estate

*Furst, McCormick, Muir & Lynn,* for exceptants.
*Alfred Jackson,* contra.

WILLIAMS, J., August 11, 1950.—An auditor was appointed by the court to distribute the residue of testator's estate, and his method of distribution has been objected to by exceptions filed to his report. The facts are not in dispute.

Bernard Rosenthal died testate November 14, 1948.

The residuary clause in his will calls for a division into 21 parts and reads as follows:

"Second: The rest, residue and remainder of my estate, real, personal or mixed, I give devise and bequeath to such surviving relatives, hereinafter men-

tioned, in such proportion to my residuary estate, as the number of accredited parts bear to the total number of parts valid at the time of my death, as follows:

"To sister Mathilda Silverman, widow, eight parts, which bequest is to be held in trust for her by my Trustee with a drawing account for her of not over One Hundred Dollars ($100.00) per month during her lifetime and at her death, the unused part to revert to the residue of my estate.

"To sister Ida Wagner, widow, eight parts, which if she does not survive me, shall be equally divided between her grandchildren, living at her death and mine, of which there are now the following five: . . .

"To nephew Carl Wimpfheimer, son of my deceased sister Clara Wimpfheimer three parts.

"To nephew Dr. Alfred Wertheimer, one part. If he does not survive me, the one part is to be to his daughter, Lotte Rosenberg, if she survives her father and myself.

"To niece Sophie Wertheimer, sister of Dr. Alfred Wertheimer and children of my deceased sister Marie Wertheimer, one part."

Mathilda Silverman, named in the residuary clause, died February 26, 1949, and her personal representatives demand that the estate be divided into 21 parts, according to the parts named in the residuary clause, and that they receive 8/21 of the residue, or that they at least receive 8/21 of the eight parts which formed the fund from which Mathilda Silverman was to be paid $100 a month as recited above.

The auditor refused their claim, dividing and distributing the residuary into 13 parts, with none of these parts going to exceptants, but to the other persons described in the residuary clause.

Exceptants base their claim on the theory that Mathilda Silverman received a fee, and that if she did not receive a fee, then her estate is entitled to a share

in the unused portion of the eight parts which testator directed to revert to the residue of the estate.

With this we cannot agree. Testator clearly shows in his will that he wanted Mathilda Silverman to have only a monthly drawing account during her lifetime, and that after her death, the unused part of her share was to go into the residue of the estate. Had he wanted her heirs to have the balance after she was through with the eight shares mentioned in his will, he could have said so. Instead he directed it to go into his residuary estate.

Although there appear to be no Pennsylvania cases on the question raised here, the courts in New York State have ruled directly in cases where a similar question was raised. In In re Macy's Estate, 72 N. Y. S. (2d) 481, it was ruled that when a one-third share of the residue was held in trust for the life of a daughter, and at her death was "to vest in and form part of my residuary estate", that such term did not mean that the fund was to be again dealt with as if it were part of the original residue, and that it was to again be divided into three shares. It was held that to hold otherwise would be obviously contrary to deceased's actual intention. In our opinion, if we allow Mathilda Silverman's estate to share in the residue, this would be obviously contrary to deceased's actual intention. We, therefore, find as the auditor did, that testator meant that upon the death of Mathilda Silverman, the balance of her eight shares was to go back into the residue and be distributed among the other 13 parts, this being the actual meaning within the scheme of the will.

Of interest in this connection are Lanier's Estate, 88 N. Y. S. (2d) 517, 522, and Friend's Estate, 6 N. Y. S. (2d) 205. Fuller's Estate, 225 Pa. 626, cited by exceptants, is distinguished in that the life tenant in Fuller's Estate was also directed to have a share in

the residue. In the instant case the intent of the will clearly shows that Mathilda Silverman was to have only a monthly drawing account from eight shares and her estate was not to receive a part of the residue after her death.

We conclude that the eight shares in question are to go into the residue and be distributed in 13 parts, excluding the estate of Mathilda Silverman. This also disposes of the argument that Mathilda Silverman received a fee. There being a gift over to other persons after the trust, according to our ruling, it cannot be held that there was a fee in Mathilda Silverman.

For the reasons given above, the exceptions to the auditor's report are dismissed, and his report, including his schedule of distribution, is confirmed absolutely.